IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUFIMO P. MOLINA,

    Plaintiff,

vs.                                                No. 1:17-CV-01151 KRS

ANDREW SAUL, Commissioner of
Social Security,[1]

    Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER comes before the Court upon Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A). (Doc. 30). The Commissioner has no objection to the motion. (*See* Doc. 32). The Court, having considered the motion and the reasonableness of the requested award, finds that the motion is well taken and should be granted.

On August 14, 2018, this Court granted the Commissioner's Unopposed Motion to Remand for Further Administrative Proceedings. (*See* Docs. 23, 24). Thereafter, the Court awarded Plaintiff's counsel Equal Access to Justice Act ("EAJA") fees in the amount of $4,094.80. (*See* Doc. 28). According to Plaintiff, the Social Security Administration on remand found him to be disabled and awarded him approximately $57,348.00 in past-due benefits. (*See* Doc. 30 Exh. B); (*see also* Doc. 29) (stating that fully favorable decision was reached on March 10, 2020). The Commissioner withheld $14,337.00—twenty-five percent (25%) of the approximate award—to cover potential attorney fees. (*See* Doc. 30 Exh. B at 1-2). Plaintiff's counsel, pointing to a contingency agreement between herself and Plaintiff permitting attorney

---

[1] Andrew Saul is substituted as Commissioner of the Social Security Administration by operation of FED. R. CIV. P. 25(d).

fees of up to twenty-five percent (25%) of past-due benefits (*see* Doc. 30 Exh. A), now seeks authorization from this Court to receive $6,000 of the withheld funds.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart*, 450 F.3d 493, 495 (10th Cir. 2006) (holding that fees may be awarded under 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits"). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable. *Id.* at 807. Importantly, there is no presumption that a fee equal to or below the twenty-five percent (25%) cap is reasonable. *Id.* Rather, it is simply a congressionally created "boundary line" and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

To determine reasonableness, courts consider factors including: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. at 808. The Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that Plaintiff's counsel's representation was competent; that Plaintiff's counsel obtained a fully favorable decision (*see* Doc. 29) without delaying the proceedings before this Court; and that the instant motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits.[2] The Court further finds that the requested fee of $6,000.00 is no greater than the twenty-five percent (25%) of past-due benefits permitted by Plaintiff's contingency agreement (*see* Doc. 30 Exh. A) and that it is proportionate given the amount of time (20.4 hours) Plaintiff's counsel expended in this case (*see* Doc. 30 Exh. D). The Court notes that the requested fee translates to an hourly rate of roughly $294.12, which is in line with § 406(b) awards authorized in other cases. *See, e.g.*, *Torrence v. Saul*, No. 18-cv-934 SCY (D.N.M. Oct. 22, 2020) (hourly rate of $597.61); *Reid v. Saul*, 16-cv-1104 SMV (D.N.M. Mar. 3, 2020) (hourly rate of $425.44). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) (Doc. 30) is **GRANTED.** The Court hereby authorizes an award of attorney fees in the amount of **$6,000.00** and directs the Commissioner to pay this award directly to Plaintiff's

---

[2] Although the instant motion was filed approximately five months after Plaintiff received her favorable decision, Plaintiff's counsel avers that she had trouble acquiring necessary documentation relating to this motion due to Plaintiff's representation by another attorney at the agency level. (*See* Doc. 29). The Court therefore finds that Plaintiff's counsel was not responsible for any undue delay relating to the filing of this motion.

counsel, MacDowell Law P.C., from the amount of past-due benefits withheld for this purpose.

**IT IS FURTHER ORDERED** that because the $4,094.80 in EAJA fees previously awarded by this Court (*see* Doc. 28) was garnished under the Treasury Offset Program (*see* Doc. 30 Exh. E), counsel is not required to refund the EAJA fees to Plaintiff. *See* 31 U.S.C. § 3716(c)(3)(B).

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**